# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAGDALINA KALINCHEVA M.D., <br><br> Plaintiff, <br><br> vs. <br><br> JESSE NEUBARTH, <br><br> Defendant. | CASE NO. 13-CV-384-MMA(BLM) <br><br> ORDER <br><br> (1) DENYING MOTION TO FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*; and <br><br> (2) *SUA SPONTE* DISMISSING CASE <br><br> [Doc. No. 3] |

  Plaintiff Magdalina Kalincheva, proceeding *pro se*, moves the Court for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons stated below, the Court *sua sponte* dismisses Plaintiffs' Complaint and grants Plaintiffs leave to amend.

  Plaintiff has submitted an *in forma pauperis* application that makes the showing required by 28 U.S.C. § 1915(a)(1). However, a determination that a plaintiff qualifies financially for in forma pauperis status does not complete the inquiry required by the statute. "'A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.'" *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat. Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987)); *see also Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) ("It is the duty of the District Court to examine any application for leave to proceed in forma pauperis to determine whether the

proposed proceeding has merit and if it appears that the proceeding is without merit, the court is bound to deny a motion seeking leave to proceed in forma pauperis."). Moreover, the Court must dismiss an *in forma pauperis* case at any time if the allegation of poverty is found to be untrue or if it is determined that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. *See* 28 U.S.C. § 1915(e)(2). A complaint is legally frivolous when it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Under this standard, a court must dismiss a complaint as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *see also* 28 U.S.C. § 1915(e).

Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 "does not require 'detailed factual allegations,' . . . it [does] demand[] more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In other words, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Generally, courts must broadly construe pleadings filed by *pro se* litigants, affording *pro se* plaintiffs any benefit of the doubt. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). However, even when receiving liberal construction, *pro se* litigants must still comply with the Federal Rules of Civil Procedure, including Rule 8. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

The Court finds the Complaint does not sufficiently show how Plaintiff is entitled to relief in federal court. As an illustration of the type of rambling and incoherent text contained in the Complaint, the first page of her Complaint reads as follows:

1. **Jurisdiction**

**Basis of Jurisdiction is Federal question - material and fundamental violation of I-864 Federal contract affidavit of support itself: family based, legally binding, indefinite validity and violation of Federal Laws from the beginning in 1991. I-864 never started enforcement for Magdalina as Defendant Jesse during our marriage never created income sources for me, I was wrongfully unemployed, kept me in extreme poverty, no car extreme cruelty causing physical disability, control, oppression, stole all of my marital property, then filled [sic] for divorce and illegal "UD" acts in WRONG LOCAL COURTS in which none of our documents were filed, did not know anything about federal contract did not consider it, did not consider the fact that Magdalina is not supposed to be on government assistance of any kind at any time such as Food Stamps now, had no jurisdiction. Federal STATUTES and regulations are violated by Defendant from the beginning of 1991 and by wrong courts they filed for divorce since 1992 which resulted in STOLEN LIFE FOR PLAINTIFF 67 YEARS, grand thefts, hostage situation, impossible to live here impossible to do anything, WRONGFULL [sic] UNEMPLOYMENT, inevitable public charge** and murder setup for her, new damages now caused physical disability and shortening of her life.

[Doc. No. 1 at 2 (all formatting in original).] Plaintiffs' Complaint continues in this manner for a total of 85 pages. The civil cover sheet attached to the Complaint lists 8 U.S.C. § 1183, 8 U.S.C. § 1182, 8 U.S.C. §§ 1601, 1611, 1612, 1613 & 1621 as federal statutes under which Plaintiff is filing. [Civil Cover Sheet, Doc. No. 1-2 at 1.] However, it is impossible to decipher any such causes of action, or any other cognizable legal theories, from the text of Plaintiffs' Complaint itself.

To the extent Plaintiff alleges a breach of an "I-864 contract," she has previously attempted to bring an identical claim against Defendant in the Eastern District of California. *See Kalincheva v. Neubarth*, 2012 U.S. Dist. LEXIS 154334 (E.D. Cal. Oct. 25, 2012) (Magistrate Judge's Report and Recommendation subsequently adopted in full by District Judge).[1] There, the court recommended dismissal Plaintiffs' claims with prejudice and explained to her the deficiencies of her complaint and this claim in particular. The Court finds *all* of the deficiencies the court explained in that case apply with equal force to Plaintiff's Complaint in the case at bar. Both cases appear to allege identical claims against an identical Defendant.

Dismissal of this Complaint, especially without prejudice, is warranted under a variety of

---

[1] Indeed, Plaintiff specifically identifies this case in response to the following question in the IFP application: "Does the complaint which you are seeking to file raise claims that have been presented in other lawsuits?"

rules of civil procedure. *See Amsterdam v. Office of Hawaiian Affairs*, 2011 U.S. Dist. LEXIS 91639 at *8-9 (D. Haw., Aug. 16, 2011) (citing *Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984)) (explaining that a paid complaint that is "obviously frivolous" may be dismissed *sua sponte* for numerous grounds, including Rule 12(b)(6), Rule 12(b)(1), and Rule 8 itself); *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1162 (10th Cir. 2007) (stating that dismissing a case under Rule 41(b) for failure to comply with Rule 8 allows the plaintiff "another go at trimming the verbiage; accordingly, a district court may, without abusing its discretion, enter such an order without attention to any particular proceedings.").

Accordingly, this action is **DISMISSED without prejudice**. Through this Order of dismissal, Plaintiffs have notice of the Complaint's deficiencies and an opportunity to respond by filing an Amended Complaint. If Plaintiff wish, she may file an Amended Complaint that adheres to the pleading requirements of Rule 8 **no later than April 1, 2013**. Any such Amended Complaint must set forth a clear statement of Plaintiff's claims in order to give Defendant a fair opportunity to respond and to allow the Court to perform its responsibilities in managing this action. The Court further directs Plaintiff to the Report and Recommendation issued in her previous case in the Eastern District of California for additional guidance. *Kalincheva v. Neubarth*, 2012 U.S. Dist. LEXIS 154334 (E.D. Cal. Oct. 25, 2012)

**IT IS SO ORDERED.**

DATED: February 21, 2013

Hon. Michael M. Anello
United States District Judge